**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ROBERT DENT**                                                     **PLAINTIFF**

**v.**                                             **CIVIL NO. 1:23-cv-00091-HSO-RPM**

**JOHN LEADBETTER, et al.**                                **DEFENDANTS**

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This matter is before the Court sua sponte.  After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. <u>BACKGROUND</u>

On April 6, 2023, pro se Plaintiff Robert Dent filed this Complaint under 42 U.S.C. § 1983, naming John Leadbetter, Randy Walker, C. Speth, K. Barns, William C. Barrett, Kenneth Mack, and Kieth Miller as Defendants.  Compl. [1] at 2.  When he filed his Complaint, Plaintiff was housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi.  *Id.* at 1.  Plaintiff broadly advances two claims. First, he avers that Defendants Speth and Barns "constantly use excessive force against [him]."  *Id.* at 6.  Plaintiff believes that Speth and Barns "beat [him] up" because Plaintiff allegedly "has a microchip signal on him which is logged into the Freemason's Organization and . . . members of this organization [are] seeking to . . . put [Plaintiff] to death."  *Id.* at 4, 6. Second, Plaintiff says that he is "being held in jail on bogus charges" that are supported by "inadmissible" and

"insufficient" evidence.  *Id*. at 4, 7.  Plaintiff is proceeding *in forma pauperis*.  Order [6].

On June 2, 2023, the Court ordered Plaintiff to file a written response on or before June 16, 2023, to provide additional information about his claims.  Order [7] at 1-2.  Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed a purposeful delay and contumacious act by Plaintiff and may result in this lawsuit being dismissed without prejudice and without further notice."  *Id*. at 2.  That Order [7] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [8].  Plaintiff did not comply with the Court's Order [7] by the June 16 deadline.

On June 26, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its earlier Order [7].  Order [9] at 1-2.  Plaintiff's responsive deadline was extended to July 10, 2023, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him."  *Id*. at 2.  This Order to Show Cause [9], with a copy of the Court's June 2 Order [7], was mailed to Plaintiff at his last-known mailing address, and it was also returned as undeliverable in an envelope marked, "No longer at this facility."  Envelope [10].

Once again, Plaintiff did not comply with the Court's Orders [7] [9] by the July 10 deadline.

On October 16, 2023, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [7] [9]." Order [11] at 2. Plaintiff was directed to file a written response on or before October 30, 2023. *Id.* Plaintiff was also directed, on or before the October 30 deadline, to comply with the Court's June 2 Order [7] "by answering the questions posed therein." *Id.* Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* at 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [7] [9]." *Id.* That Order [11], with copies of the Court's June 2 and June 26 Orders [7], [9], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [12].

To date, Plaintiff has not responded to the Court's June 2, June 26, or October 16 Orders [7], [9], [11] or otherwise contacted the Court about his case since April 28, 2023. *See* Acknowledgement [5]. Nor has he advised the Court about any change in his mailing address.

## II. <u>DISCUSSION</u>

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [7], [9], [11], after being warned multiple times that failing to do so, or to advise the Court of a change in his mailing address, may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [11] at 2; Order to Show Cause [9] at 2; Order Requiring Plaintiff to Respond [7] at 2; Order Setting Payment Schedule [6] at 2; Order [4] at 2. Despite these warnings, Plaintiff has not responded to the Court's Orders or taken any action in this case since April 28, 2023. *See* Acknowledgement [5]. Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of November, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5